# Exhibit A

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARK GUGLIUZZA and LIANNE GUGLIUZZA, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NUMBER: |
| v. | ) ) | STCV21-00374 |
| JASON LYBERGER and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | ) ) ) ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COME NOW Plaintiffs, Mark and Lianne Gugliuzza, and states their Complaint against Defendants Jason Lyberger and Swift Transportation Co. of Arizona, LLC as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs Mark and Lianne Gugliuzza are residents of the state of Georgia.

2.

Defendant Jason Lyberger was the driver of a tractor trailer involved in the subject collision and is a resident of the State of Florida who is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to him at his address of 11022 Clingman Street, Spring Hill, Hernando County, FL 34608.

3.

Defendant Swift Transportation Co. of Arizona, LLC is a Delaware Foreign Limited Liability Company transacting business in the State of Georgia and can be served with process through its registered agent Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, GA 30006. Defendant Swift Transportation Co. of Arizona, LLC is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91 and as the collision that is the subject of this lawsuit occurred in Chatham County, Georgia.

4.

Defendants Jason Lyberger and Swift Transportation Co. of Arizona, LLC are joint tortfeasors and as such, venue as to all Defendants is proper in Chatham County, Georgia.

## COUNT I – NEGLIGENCE OF DEFENDANT JASON LYBERGER

5.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On or about January 17, 2021, at approximately 11:49 a.m., Plaintiffs were sitting in their parked 2014 Acura MDX in the right Eastbound lane of West 37th Street in Savannah, Chatham County, Georgia.

7.

On or about the same time and place, Defendant Jason Lyberger was driving a 2017

Freightliner Argosy in the left Eastbound lane of West 37th Street when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to cause it to collide with the rear left side of the vehicle Plaintiffs were occupying.

8.

As a result of the accident, Plaintiffs suffered multiple injuries.

9.

At all relevant times, Defendant Jason Lyberger owed certain civil duties to Plaintiffs. Notwithstanding those duties, Defendant Jason Lyberger did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving the 2017 Freightliner Argosy; or, if reasonable and proper observations were made, failing to act thereon;

b. In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

c. In failing to observe or undertake the necessary precautions to keep the 2017 Freightliner Argosy from colliding with the 2014 Acura MDX in violation of O.C.G.A. § 40-6-390;

d. In driving the 2017 Freightliner Argosy without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e. In driving the 2017 Freightliner Argosy in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

f.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

10.

Defendant Jason Lyberger's violations of the aforementioned duties of care constitute negligence *per se*.

11.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Jason Lyberger, Plaintiff Mark Gugliuzza suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Mark Gugliuzza has incurred in excess of **$10,000.00** in past medical expenses.

12.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Jason Lyberger, Plaintiff Lianne Gugliuzza suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Lianne Gugliuzza has incurred in excess of **$10,000.00** in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT
## SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

13.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above as if they were fully restated verbatim.

14.

At all relevant times, Defendant Jason Lyberger was an employee and agent of Defendant Swift Transportation Co. of Arizona, LLC, and Defendant Jason Lyberger was driving the 2017 Freightliner Argosy within the course and scope of his employment with Defendant Swift Transportation Co. of Arizona, LLC.

15.

Defendant Swift Transportation Co. of Arizona, LLC is liable for the acts and omissions of Defendant Jason Lyberger as Defendant Swift Transportation Co. of Arizona, LLC's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

16.

Defendant Swift Transportation Co. of Arizona, LLC negligently hired, retained, and supervised Defendant Jason Lyberger.

17.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Jason Lyberger, Plaintiff Mark Gugliuzza suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a

normal life. As a result of the subject collision, Plaintiff Mark Gugliuzza has incurred in excess of **$10,000.00** in past medical expenses.

18.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Jason Lyberger, Plaintiff Lianne Gugliuzza suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Lianne Gugliuzza has incurred in excess of **$10,000.00** in past medical expenses.

## COUNT III – PUNITIVE DAMAGES

19.

At all relevant times, the breaches of duty by Defendant Jason Lyberger as set forth in paragraphs 5 through 12 of Plaintiffs' Complaint were intentional, wanton and reckless and also evidenced that entire want of care that would raise a presumption of conscious indifference to consequences.

20.

By reason of the foregoing, Plaintiffs are entitled to recover punitive damages from Defendant Jason Lyberger in an amount to be proven at trial.

21.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory damages from Defendant Jason Lyberger in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray and demand as follows:

a. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b. That service be had upon Defendants as provided by law;

c. That Plaintiffs have and recover general damages from Defendants, as the jury deems is liable to Plaintiffs, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d. That Plaintiffs have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e. That this matter be tried to a jury;

f. That all costs be cast against the Defendants; and

g. For such other and further relief as this Court deems just and appropriate.

This 24th day of February, 2021.

_____
Seth M. Diamond
Georgia State Bar No. 220393
*Attorney for Plaintiffs*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T: (912) 443-1012
F: (912) 443-1192