IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARK GUGLIUZZA and LIANNE )
GUGLIUZZA, )
)
    Plaintiffs, )
) CASE NO. CV421-140
v. )
)
SWIFT TRANSPORTATION CO. OF )
ARIZONA, LLC, and JASON )
LYBERGER, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendants' Notice of Removal. (Doc. 1.) The Court finds that the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity between the parties. Accordingly, Defendants are **DIRECTED** to file within **fourteen (14) days** from the date of this order an amended notice of removal that lists the citizenships of Defendant Swift Transportation Co. of Arizona, LLC's members.

On February 21, 2021, Plaintiffs Mark Gugliuzza and Lianne Gugliuzza filed this case in the State Court of Chatham County, Georgia. (Doc. 1, Attach. 1 at 2.) On May 7, 2021, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. (Doc. 1 at 6.) "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v.

Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)).

Although state of incorporation and principal place of business establish the citizenship of a corporation, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To properly allege the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022. Furthermore, the general allegation that no member of an LLC is a Georgia citizen is insufficient for a defendant to carry its burden of establishing complete diversity between the parties. Ray v. Bird & Son Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

Here, Defendants, as the removing parties, have failed to adequately allege the citizenship of Defendant Swift. In their notice of removal, Defendants simply state that complete diversity exists because "Defendant Swift Transportation Co. of Arizona, LLC was at the time of the commencement of this action and still is a limited liability company organized under the laws of the State of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Delaware and its principal place of business in the State of Arizona." (Doc. 1 at 5.) Defendants' notice of removal does not include a list of the individual members, along with their citizenships, of Defendant Swift. As a result, the information in Defendants' notice of removal is insufficient to establish complete diversity. Accordingly, the Court **DIRECTS** Defendants to file an amended notice of removal within **fourteen (14) days** from the date of this order listing all of Defendant Swift Transportation's members and their citizenships.[2] Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction. All other deadlines in this case will remain unchanged.

SO ORDERED this 10th day of May 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended notice of removal that incorporates by reference any factual allegation or argument contained in an earlier filing, or that offers only a piecemeal amendment. Defendants' amended notice of removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.

3