# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARK GUGLIUZZA, ) | |
| LIANNE GUGLIUZZA, and ) | |
| KEITH KENDRICK, ) | |
|    ) | |
|    Plaintiffs,    ) | |
|    ) | |
| v.    ) | CV421-140 |
|    ) | |
| SWIFT TRANSPORTATION CO. ) | |
| OF ARIZONA, LLC, *et al.*,   ) | |
|    ) | |
|    Defendants.   ) | |

## ORDER

Plaintiffs assert that they served[1] nonparty Memorial Health University Medical Center ("MHUMC") with a subpoena for Defendant Jason Lyberger's medical records. Doc. 49-1 at 1-2. After MHUMC informed them that it would not produce the documents without a HIPAA authorization or Court Order, doc. 49-5, Plaintiffs requested that the Court compel MHUMC to produce the documents. *See generally* doc. 49.

---

[1] SMHA Healthcare Center, Inc. ("SMHA"), an entity which, as discussed below, used to be named "MHUMC", asserts that it "was never served with the subject subpoena[.]" Doc. 57 at 2. However, since (1) SMHA has appeared in this case, doc. 56, (2) SMHA does not argue that the Court lacks jurisdiction, and (3) Plaintiffs' motion is moot, as explained below, any defective process or service of process is also moot.

The Court directed Plaintiffs to file a renewed motion clarifying whether they seek relief under Fed. R. Civ. P. 45, and whether they complied with that rule's requirements. *See* doc. 52 at 2-3. They then moved to compel MHUMC to comply with their subpoena "pursuant to Federal Rule of Civil Procedure 45." Doc. 55.

Nonparty SMHA subsequently appeared, *see* doc. 56, and filed a response to Plaintiffs' motion to compel, doc. 57. SMHA explains that MHUMC changed its name to SMHA as part of a 2018 transaction and that Plaintiffs served the motion to compel on SMHA's registered agent. Doc. 57 at 1-2. The response states that "at no time has SMHA or any SMHA-related entity had possession or control over any documents responsive to the subpoena at issue in Plaintiffs' Motion." *Id.* at 2.

Under Rule 45, a subpoena *duces tecum* is limited to documents "in [the recipient's] possession, custody, or control[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii). Based on SMHA's unrebutted representation that it does not possess responsive documents, to the extent Plaintiffs' motion seeks

to compel SMHA to produce them, that request is **DENIED as moot**. Doc. 55.

    **SO ORDERED**, this 26th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA