IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARK GUGLIUZZA,

    Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and JASON LYBERGER,

    Defendants.

CIVIL ACTION NO.: 4:21-cv-140

## O R D E R

The Court **DENIES** Plaintiff's Motion for Interlocutory Review, (doc. 157), **DENIES** Plaintiff's Motion to Dismiss Without Prejudice, (doc. 158), and **DENIES** Defendants' Motion in Limine to File Amendment to Motion in Limine Out of Time, (doc. 162).

### BACKGROUND

This is a negligence case arising out of a January 17, 2021, vehicle collision between Defendant Jason Lyberger, who was driving a truck for his employer, Defendant Swift Transportation Co. of Arizona, LLC, and Plaintiff Mark Gugliuzza. Plaintiff sued Defendants on February 24, 2021, in the State Court of Chatham County. (Doc. 1-1.) Defendants filed their Answer in that court on March 29, 2021, (doc. 1-4), and removed the case to this Court on May 7, 2021, (docs. 1, 29).

The parties engaged in significant discovery, and the Court granted the parties' multiple discovery extension requests. The final order regarding expert disclosures, entered on June 16, 2022, provided a deadline of July 29, 2022, for Plaintiff to provide expert reports and August 30, 2022, for Defendants to provide expert reports. (Doc. 61.) The final discovery scheduling order,

entered on December 7, 2022, closed discovery on May 1, 2023, and stated that the Court would provide no further extensions. (Doc. 74.)

The parties also engaged in considerable motions practice, and the Court granted in part and denied in part Defendants' Motion for Summary Judgment on March 11, 2024. (Doc. 111.) On that same date, the Court entered its Order and Notice of Trial Preparation Requirements. (Doc. 118.) Following submissions by the parties and a scheduling conference with the Court, on May 22, 2024, the Court set this case for trial to begin on November 4, 2024. (Doc. 127.) The Court set several deadlines, including August 5, 2024, for the filing of motions in limine. (Id.)

Defendants' Motion in Limine to Exclude Testimony and Evidence Regarding Future Medical Treatment for Mark Gugliuzza ("Motion to Exclude Future Medical Treatment") sought to exclude "any future medical testimony by Plaintiff Mark Gugliuzza or his expert Steven Barnett—a chiropractor—and in particular, any testimony that Mark Gugliuzza will or is likely to require spinal surgery in the future as result of the accident in question." (Doc. 139, p. 1.) Among several points in support of this overall argument, Defendants argued that, "while Plaintiff has disclosed two of his treating physicians (Dr. Linley [sic] and Dr. Arcure), they have not been properly disclosed to offer causation options [sic]." (Id. at p. 7.) Defendants asserted in a footnote that "Plaintiff's initial expert disclosure stated that Drs. Linley [sic] and Arcure might provide causation testimony, but Plaintiff never supplemented with such testimony, nor did Plaintiff provide the required Rule 26 report." (Id. at p. 7 n. 1.)

In response to Defendants' motion, Plaintiff did not deny that he must present expert causation testimony to introduce evidence of his future medical treatment. (Doc. 143.) But Plaintiff argued that one of his treating physicians, Dr. James Lindley, was identified as a witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), and that Plaintiff "anticipates that Dr.

2

Lindley will testify that the treatment he administered for Plaintiff's lumbar spine following the collision, including the surgery that is currently being scheduled, is related to the subject collision." (Id. at p. 3.)  In reply, Defendants argued that Dr. Lindley cannot provide causation testimony because Plaintiff disclosed no such testimony.  (Doc. 144, pp. 1–2.)

At the pretrial conference on October 9, 2024, the Court heard oral argument from the parties on the motions in limine.  As to the Motion to Exclude Future Medical Treatment, the parties stood by the positions they took in their pleadings.  Plaintiff did not dispute that he needed expert testimony linking his future medical treatment to the collision in order to introduce evidence of his anticipated future medical needs and expenses.  But he contended that Dr. Lindley could provide that testimony.  Defendants continued to object that Plaintiff had not disclosed Dr. Lindley's causation testimony as required by Rule 26(a)(2)(C).  The Court agreed with Defendants and granted their motion.[1]  Before and after the pretrial conference, the parties filed several pleadings to prepare for trial including the proposed pretrial order, voir dire questions, requests to charge, and lists of exhibits and witnesses.

## DISCUSSION

Following the pretrial conference, Plaintiff filed a Motion for Interlocutory Review asking that he be allowed to appeal the Court's Order granting Defendants' Motion to Exclude Future Medical Treatment before trial and that this matter be stayed pending that review.  (Doc. 157.) Plaintiff later asked the Court to dismiss this case without prejudice so that he could refile it after undergoing lumbar surgery.  (Doc. 158.)  Defendants moved to supplement their Motion to Exclude Future Medical Treatment to also seek exclusion of evidence of past medical expenses,

---

[1] Plaintiff's Motion for Interlocutory Review states that "the Court erred in excluding Dr. Lindley from testifying at trial." (Doc. 157-2, p. 3.) Plaintiff misstates the Court's ruling. The Court did not exclude Dr. Lindley from testifying. It only prevented him from offering testimony about Plaintiff's future treatment including an opinion that the collision caused Plaintiff to need an anticipated surgery.

3

including epidural steroid objections, for lack of an expert opinion connecting that treatment to the collision.  (Doc. 162.)  The Court addresses these motions in the order they were filed.

I.     **Plaintiff's Motion for Interlocutory Review**

"Appellate review is generally postponed until after the entry of final judgment." In re Trasylol Prod. Liab. Litig. - MDL-1928, No. 08-MD-01928, 2010 WL 2541980, at *3 (S.D. Fla. June 22, 2010).  But "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b).  The Eleventh Circuit Court of Appeals cautions against "too expansive use" of such appeals and warns that "[b]ecause permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

Plaintiff's Motion for Interlocutory Appeal does not recognize the rarity of Section 1292(b) appeals or the criteria for taking such an appeal.  "There are four statutory criteria for the grant of a petition for interlocutory appeal under 28 U.S.C. § 1292(b): (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must promise to speed up the litigation.  Unless all criteria are satisfied, the district court may not certify its order for an immediate appeal under § 1292(b)." In re Trasylol Prod. Liab. Litig. - MDL-1928, 2010 WL 2541980, at *3 (citing Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000)) (internal citations omitted).  Plaintiff does not meet any of these criteria.

As to the first two criteria, courts in this Circuit have long "recognized a distinction between a question of law, which will satisfy § 1292(b), and 'a question of fact or matter for the

4

discretion of the trial court.'" McFarlin, 381 F.3d at 1258 (quoting Garner v. Wolfinbarger, 430 F.2d 1093, 1096–97 (5th Cir. 1970)). "The term 'question of law' does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact." Id. (citing Ahrenholz, 219 F.3d at 676) (internal citations omitted). A proper Section 1292(b) application ordinarily asks "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." Id.

Plaintiff's proposed appeal poses no such question. The parties do not dispute the law applicable to the Motion in Limine to Exclude Future Medical Expenses. They agree that Plaintiff must present causation testimony to present evidence of future medical treatment. Moreover, under the plain text of Rule 26, Plaintiff had to disclose "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Where the parties disagree is the application of that settled law to the specifics of this case; that being, whether Plaintiff disclosed that Dr. Lindley would testify that the collision caused Plaintiff to need future medical treatments including surgery. Resolution of that question would require the appellate court to "root[] through the record" to assess the sufficiency of Plaintiff's disclosures. McFarlin, 381 F.3d at 1258. Also, limiting medical evidence at trial for a Rule 26 violation is a classic "matter for the discretion of the trial court." Id. The Eleventh Circuit would only overturn that decision for an abuse of that discretion. See Goncharenko v. Royal Caribbean Cruises, Ltd., 734 F. App'x 645, 647 n.1 (11th Cir. 2018) (regardless of whether Rule 26(a)(2)(B) or 26(a)(2)(C) applied, no abuse of discretion where district court struck expert witness for failure to comply with either disclosure standard); Romero v. Drummond Co., 552 F.3d 1303, 1323 (11th Cir. 2008) (no abuse of discretion in excluding testimony from witnesses whose reports merely recited general subject matter of expected testimony and did not provide "sufficient specificity to allow [the

5

opponent] to prepare for rebuttal or cross-examination"). Thus, courts have recognized that decisions akin to the Court's granting of Defendant's Motion to Exclude Future Medical Treatment do not present a question of controlling law for interlocutory review. See OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008) (exclusion of expert for Rule 26 violation was "a discovery sanctions order where the chances of § 1292(b) review are slim"); Draper v. H. Roberts Fam., LLC, No. 1:06-CV-3057-CC, 2009 WL 10672367, at *1 (N.D. Ga. Mar. 30, 2009) ("This Court's discretionary decision to exclude the testimony of the [defendants'] experts [due to an insufficient disclosure] was based on the facts of this particular case, not a controlling question of law. As such, certification pursuant to 28 U.S.C. § 1292(b) would be wholly inappropriate.").[2]

As to the second Section 1292(b) criteria, even if Plaintiff asked a controlling question of law, this Court's answer is not legitimately contestable. "The threshold for establishing the 'substantial ground for difference of opinion' with respect to a 'controlling question of law' required for certification pursuant to § 1292(b) is a high one." Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp., 233 F. Supp. 2d 16, 19 (D.D.C. 2002). "A 'substantial ground for difference of opinion' means whether courts espouse different opinions as to the particular question of law, separate and apart from an application of the law to the facts." Grand Lodge of Pa. v. Peters, No. 8:07-CV-479-T-26EAJ, 2008 WL 2790237, at *1 (M.D. Fla. July 18, 2008).

---

[2] Plaintiff gives the appearance of a question of law by citing to the Eleventh Circuit's recent clarification, in Cedant v. United States, 75 F.4th 1314 (11th Cir. 2023), that Rule 26(a)(2)(C) and not Rule 26(a)(2)(B) governs treating physicians' disclosures. This is a red herring. The parties agree that Rule 26(a)(2)(C) applied to Plaintiff's disclosures of Dr. Lindley's opinions, and, consistent with Cedant, the Court applied that subsection when assessing the sufficiency of those disclosures. If anything, the Eleventh Circuit's decision in Cedant cuts against Plaintiff's request for interlocutory review as that opinion already eliminated any substantial ground for difference of opinion on the controlling question of law.

Plaintiff has cited no cases that "espouse different opinions on the law" from that espoused by the Court. This is unsurprising given that the Court based its ruling on the text of Rule 26(a)(2)(C). Plaintiff did not disclose a summary of any causation opinion from Dr. Lindley. (See doc. 143-4, pp. 3–4.) The closest Plaintiff came to doing so was his disclosure "that it is possible that the treating physicians may provide testimony concerning the causal relationship of Plaintiff's injuries to the subject collision." (Id. at p. 2.) This falls woefully short of complying with Rule 26(a)(2)(C)(ii). Defendants were left to guess not only who, if anyone, might provide a causation opinion but also what that opinion might be.[3]  Small v. Amgen, Inc., No. 212CV476FTMPAMMRM, 2017 WL 5443912, at *4 (M.D. Fla. Feb. 15, 2017) (preventing five treating physicians from testifying because "purported summaries and vague references to medical records do not come close to satisfying the disclosure requirement imposed by Fed. R. Civ. P. 26(a)(2)(C)(ii)").

The Court's remedy for Plaintiff's failure is also not legitimately contestable. Courts regularly exclude opinion testimony that has not been timely or sufficiently disclosed. See, e.g., Rodriguez v. Walmart Stores E., L.P., No. 21-14300, 2022 WL 16757097, at *3 (11th Cir. Nov. 8, 2022) (affirming exclusion of treating physician's causation opinion where plaintiff did not make timely Rule 26(a)(2)(C) disclosure); Worley v. Carnival Corp., No. 21-23501, 2023 WL 3016914 (S.D. Fla. Apr. 20, 2023) (precluding treating physicians from testifying about causation,

---

[3] During oral argument, Plaintiff's counsel rhetorically asked what more he could have done to comply with Rule 26(a)(2)(C). He could have included in his original or supplemental expert disclosure the exact language that he included in his Response to the Motion in Limine, that being that he "anticipates that Dr. Lindley will testify that the treatment he administered for Plaintiff's lumbar spine following the collision, including the surgery that is currently being scheduled, is related to the subject collision." (Doc. 143, p. 3.) Had Plaintiff's counsel done so, Defendants' counsel would have known that they needed to depose Dr. Lindley or otherwise prepare to address his causation opinions through motions practice and at trial. Instead, Plaintiff's counsel notified Defendants, at most, that they should be prepared to somehow confront some unknown causation opinion from one of Plaintiff's many treating physicians. The rules of civil discovery exist to prevent just this sort of trial by ambush.

permanency of injuries, and the need/cost of future medical care because the physicians' Rule 26(a)(2)(C) disclosures "merely list[ed] the topics of possible opinions [the doctors] might render without disclosing the actual opinions or tethering them to the specific facts of the case"); Ables-Thomas v. MV Cont. Transp., Inc., No. 1:18-CV-03252-SDG, 2020 WL 10485727, at *3 (N.D. Ga. Dec. 21, 2020) (excluding causation testimony of treating physicians because plaintiff violated Rule 26(a)(2)(C)).

Nor could Plaintiff legitimately claim on appeal that his nondisclosure was substantially justified or harmless or that this Court should have issued a lesser sanction. Plaintiff did not make these arguments in response to Defendants' Motion to Exclude Future Medical Treatment, and, thus, he could not make them on appeal, interlocutory or otherwise. See, Larry v. City of Mobile, No. 22-11697, 2023 WL 4541020, at *2 (11th Cir. July 14, 2023) (refusing to consider argument not raised below that district court should have considered sanction short of exclusion for failure to make proper expert disclosure); Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1344 (11th Cir. 2017) ("We will not consider arguments raised for the first time on appeal.").

Moreover, even if Plaintiff had argued that his decision not to disclose Dr. Lindley's causation testimony was justified or harmless or that the Court could have imposed a lesser sanction, the Court's ruling still would not be legitimately contestable. This Court and others often assess five factors when sanctioning a disclosure violation: "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'" Rangel v. Anderson, No. CV 215-81, 2016 WL 6542717 (S.D. Ga. Nov. 3, 2016) (quoting Cambridge Univ. Press v. Becker, No. 1:08-cv-1425-ODE, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010)). As

in Rangel, the Court's analysis of these factors here weighs heavily for exclusion. Plaintiff's belated attempt to expand his treating physician's anticipated testimony surprised Defendants, and that surprise cannot be cured without causing unfair prejudice to Defendants and disrupting the trial of this case. Prior to receiving Plaintiff's response to their motion in limine, Defendants had no notice that Dr. Lindley would be offering causation testimony. As a result, they did not know that they needed to depose Dr. Lindley to understand the specifics and basis of his opinions, retain a rebuttal expert to confront his opinions, or move to attack the reliability of his opinions.[4] If the Court allowed Dr. Lindley to testify about causation, the only way to avoid unfair prejudice would be to reset the expert disclosures deadline that passed over two years ago, reopen expert discovery and the period for dispositive and Daubert motions, and continue the trial. Particularly given that the Court already granted multiple extensions and made clear in its last discovery order that it would not allow any further delays, Plaintiff cannot credibly contend that the Court abused its discretion by declining to take that path. See Small, 2017 WL 5443912, at *4 ("Plaintiffs' apparent strategic election to disclose less than the bare minimum concerning each of the non-retained treating physicians and to continue to insist on the adequacy of those disclosures while all of the remaining expert-related deadlines expired cannot be rewarded or cured at this late stage

---

[4] Plaintiff's counsel has repeatedly blamed Defendants' counsel for not knowing about Dr. Lindley's opinions because Defendants did not depose him. Plaintiff's counsel misses the point. Defendants did not depose Dr. Lindley because Plaintiff did not notify Defendants that he would be offering causation testimony. See, Bush v. Gulf Coast Elec. Co-op., No. 5:13-CV-369-RS-GRJ, 2015 WL 3422336, at *6 (N.D. Fla. May 27, 2015) (rejecting plaintiff's argument that its failure to disclose witness was harmless because defendant did not depose *other* witnesses who were disclosed, noting that this argument "misses the point" and adding that, "While there may be a myriad of reasons why Defendant's counsel has not deposed other non-party witnesses in this case, . . . Defendant was deprived of the opportunity of making that determination with regard to [the undisclosed witness]. With regard to [a disclosed witness], her testimony was disclosed in [plaintiff's] answers to interrogatories so that the Defendant knew what her knowledge was and could decide whether it needed to depose her. Plaintiff's failure to disclose the subject matter of [the undisclosed witness's] testimony, on the other hand, deprived Defendant of making that determination."). Additionally, even if Defendants had deposed Dr. Lindley, they likely would have steered clear of asking him questions about causation to avoid expanding his potential testimony beyond that covered by Plaintiff's expert disclosures.

without jeopardizing the [] deadline for filing dispositive motions and Daubert motions or the impending trial calendar.")  To be sure, Dr. Lindley's causation testimony is important to Plaintiff's case.  He cannot seek damages for future medical expenses without it.[5]  But, despite this importance, Plaintiff has not explained why his counsel did not disclose a summary of the facts and opinions to which Dr. Lindley is expected to testify.  Thus, the Court's chosen remedy for that failure is not legitimately contestable.

As to the final Section 1292(b) criteria, Plaintiff's proposed appeal does not "promise to speed up the litigation."  Ahrenholz, 219 F.3d at 675.  To the contrary, allowing Plaintiff to appeal a discretionary evidentiary ruling at this late stage would unfairly delay the forthcoming trial.

For all these reasons, the Court **DENIES** Plaintiff's Motion for Interlocutory Review.  (Doc. 157.)

II.     **Plaintiff's Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), after a defendant has filed an answer or motion for summary judgment, this Court has the discretion to grant a plaintiff's request to voluntarily dismiss his complaint.  In exercising such discretion, the Court must consider the interests of the defendants and whether the defendants will suffer "clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result" of the voluntary dismissal.  Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis in original) (quoting McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986)).  District courts "must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such

---

[5] The Court sympathizes with Plaintiff on this point.  It appears the failure to disclose was Plaintiff's counsel's fault, not Plaintiff's.  At the same time, allowing Dr. Lindley to offer opinion testimony would inequitably and unfairly prejudice Defendants and frustrate the Court's orderly administration of justice.  And, as noted above, Plaintiff has misstated the breadth of the Court's ruling.  Dr. Lindley will be allowed to testify, and he is only precluded from giving causation testimony or testimony about Plaintiff's future medical treatment.

conditions to the dismissal as are deemed appropriate.'"  Id. at 1256 (quoting McCants, 781 F.2d at 857).

Allowing Plaintiff to dismiss his case will unfairly prejudice Defendants, waste judicial resources, and frustrate the Court's efficient administration of justice.  The collision giving rise to this lawsuit occurred nearly four years ago.  If trial is delayed, witnesses' memories will only further fade.  Additionally, in the more than three years that this case has been pending, the parties and the Court have expended great effort in preparing this case for trial to begin in about a week.  Discovery has been completed, motions have been litigated, calendars have been cleared, jurors have been summoned, pretrial orders, jury instructions, voir dire proposals, and exhibits have been submitted, and a pretrial conference has been held.  Also, Plaintiff admits that he seeks to dismiss this lawsuit so that he can refile a lawsuit that includes claims related to his future medical needs including his anticipated surgery.  Thus, if the Court allows dismissal, Defendant would not suffer the mere prospect of a subsequent lawsuit but a lawsuit where Plaintiff would essentially get a "do over" from his counsel's mistakes.  Dismissal would also be an end run around the Court's in limine holding and would encourage attorneys to disregard their Rule 26 and other discovery obligations.  The Court cannot abide by that result.

For all these reasons, the Court **DENIES** Plaintiff's Motion to Dismiss.  (Doc. 158.)

### III.     Defendants' Motion to File Amendment to Motion in Limine Out of Time

Defendants ask to expand the scope of their Motion to Exclude Future Medical Treatment to include a request to exclude past medical treatment.  (Doc. 162.)  Defendants do not explain why they did not seek to exclude this evidence within the August 5, 2024, Motions in Limine deadline which the Court set months ago.  (Doc. 127.)  Defendants contend that the Court's recent ruling on the Motion to Exclude Future Medical Treatment "directly impacts" the evidence they

11

seek to exclude in this belated motion. (Doc. 162, p. 2.) But the Court's ruling relied on the very principles and authorities Defendants raised in their timely filed motion. Defendants could have sought to exclude the evidence they now contest within the Court's deadline. Their attempt to do so at this late stage would prejudice Plaintiff, particularly considering that Plaintiff may contest, in contrast to his position on his future medical expenses, that he needs no expert causation opinion to recover for some or all of his past medical expenses. The Court has held Plaintiff to the Court's deadlines, and it will treat Defendants equally.

Thus, the Court **DENIES** Plaintiff's Motion to File Amendment to Motion in Limine. (Doc. 162.)

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Interlocutory Review, (doc. 157), Plaintiff's Motion to Dismiss Without Prejudice, (doc. 158), and Defendants' Motion in Limine to File Amendment to Motion in Limine Out of Time and Brief in Support, (doc. 162).

**SO ORDERED**, this 28th day of October, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA